

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00086-CR

STEVEN BRANT HALEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR01895

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

On December 10, 2012, Steven Brant Haley was convicted of operating a motor vehicle while intoxicated, with two or more previous convictions relating to the operating of a motor vehicle while intoxicated, a third-degree felony.[1]  In accordance with a plea-bargain agreement, the trial court sentenced Haley to ten years' imprisonment, suspended the sentence, placed him on community supervision for ten years, and assessed a fine of $1,000.00 and court costs of $1,008.00.  After Haley violated the terms of his community supervision order several times by consuming alcohol, the trial court revoked Haley's community supervision, sentenced him to ten years' imprisonment, and assessed $75.00 in reimbursement fees.

Haley appeals his revocation.

Appointed counsel filed an *Anders* brief.[2]  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal.  *Anders*, 386 U.S. at 744.  By letter, counsel informed Haley of his rights to review the record and file a pro se response.  Counsel also mailed Haley copies of the clerk's and reporter's records, and this Court notified him that any pro se response was due on or before November 28, 2022.  Also, by letter dated December 8, 2022, we notified Haley that the case would be submitted on briefs on December 29, 2022.  Haley did not file a pro se response.

---

[1]*See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Supp.).

[2]Appointed counsel also filed a motion to withdraw as counsel.

After a thorough review of the record, counsel in this case concluded that there were no non-frivolous issues in Haley's appeal. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record that demonstrates why there are no arguable grounds to be advanced. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).

We must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988). Based on our independent review of the entire record in this appeal, we conclude that no reversible error exists. In the *Anders* context, once we determine that the appeal does not contain reversible error, we must affirm the trial court's judgment. "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

In this case, Haley was indicted for and convicted of operating a motor vehicle while intoxicated, with two or more previous convictions relating to the operating of a motor vehicle while intoxicated as set forth in Section 49.09(b)(2) of the Texas Penal Code. *See* TEX. PENAL

3

CODE ANN. § 49.09(b)(2). However, the trial court's judgment of conviction that revoked Haley's community supervision (Revocation Judgment), under "Statute for Offense," recites, "49.04 Penal Code." For that reason, we will modify the trial court's judgment to reflect the statute of offense as Section 49.09(b)(2) of the Texas Penal Code.

The trial court's judgment of conviction that placed Haley on community supervision included a fine of $1,000.00 and court costs of $1,008.00. Under the trial court's order imposing conditions of community supervision, Haley was ordered to pay the fine and court costs.[3] The certified bill of costs included the itemized costs, fees, and fine accumulated during the entirety of the case and recited a "TOTAL COST OF CAUSE" of $2,833.00, a credit to Haley in the amount of $2,758.00, and an "Amount due from []Defendant" of $75.00. It appears that the $75.00 remaining after applying the credit to Haley is related to additional sheriff's fees charged after Haley was placed on community supervision. This is because the bill of costs includes a charge for "SHERIFFS FEE CRIMINAL" in the amount of $195.00. Excluding any charges for the fine and attorney fees, the total court costs including $195.00 for the sheriff's fee is $583.00. Haley paid all of the court costs ($508.00) ordered under the community supervision order. Subtracting $508.00 from $583.00 leaves $75.00. Also, the trial court's Revocation Judgment, under "Reimbursement Fees," recites $75.00.

Article 102.011 of the Texas Code of Criminal Procedure provides that a defendant convicted of a felony must reimburse fees to a peace officer for certain services, including "$5 for commitment or release." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (Supp.). There is

_____

[3]The order itemized the $1,008.00 of courts costs assessed in its judgment as court costs of $508.00 and a court-appointed attorney fee of $500.00.

4

support in the record that Haley was committed to jail three times and was released from jail two times after he was placed on community supervision. That would require Haley to pay $25.00 in reimbursement of peace officer fees. However, we find no support in the record of any other circumstance for which a peace officer's fee is statutorily allowed. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011 (Supp.). Consequently, we find that the record supports only $25.00 in peace officer's fees after Haley was placed on community supervision. For that reason, we will modify the trial court's Revocation Judgment by changing the amount under "Reimbursement Fees" to $25.00. We will also modify the certified bill of costs by changing the amount of "SHERIFFS FEE CRIMINAL" to $145.00, the amount of "TOTAL COST OF CAUSE" to $2,783.00, and the amount under "Amount due from []Defendant" to $25.00.

Further, we find that Haley's counsel substantially complied with the requirements of *Anders* and *Kelly*. Therefore, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20.

Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.[4] Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should

---

[4]While an appellant has a right to file a petition for discretionary review with the Texas Court of Criminal Appeals, review is not a matter of right. *See* TEX. R. APP. P. 66.2; TEX. CONST. art. V, § 5(b).

5

comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

We modify the certified bill of costs by (1) changing the amount charged for "SHERIFFS FEE CRIMINAL" to $145.00, (2) changing the amount charged for "TOTAL COST OF CAUSE" to $2,783.00, and (3) changing the amount under "Amount due from []Defendant" to $25.00. We also modify the trial court's judgment by changing the "Statute for Offense" to Section 49.09(b)(2) of the Texas Penal Code and by changing the amount under "Reimbursement Fees" to $25.00. As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     December 29, 2022
Date Decided:       January 10, 2023

Do Not Publish